**Mario Rene POMA–QUIEM, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–2558–ag.

United States Court of Appeals, Second Circuit.

May 24, 2007.

Michael P. Diraimondo, Melville, NY, for Petitioner.

M. Jocelyn Lopez Wright, Assistant Director (Carol Federighi, Senior Litigation Counsel, and Peter D. Keisler, Assistant Attorney General, on the brief), Office of Immigration Litigation, United States Department of Justice, Washington, DC, for Respondent.

Present: Hon. ROGER J. MINER, Hon. ROBERT A. KATZMANN, Circuit Judges, Hon. J. GARVAN MURTHA,* District Judge.

## SUMMARY ORDER

Petitioner Mario Rene Poma–Quiem, a native and citizen of Guatemala, seeks review of a May 2, 2006, order of the BIA affirming the December 10, 2004, decision of Immigration Judge ("IJ") Sarah M. Burr denying his motions to suppress and terminate proceedings and ordering his removal. *In re Poma–Quiem, Mario Rene,* No. A78 333 571 (B.I.A. May 7, 2006), *aff'g* No. A78 333 571 (Immig. Ct. N.Y. City Dec. 10, 2004). We review the IJ's decision as the final agency action because the BIA adopted and affirmed the IJ's decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We assume the parties' familiarity with the facts, the proceedings below, and the specification of issues on appeal.

■ "[A] Fourth Amendment violation does not, by itself, justify suppression of evidence in the course of a civil deportation proceeding." *Almeida–Amaral v. Gonzales,* 461 F.3d 231, 234 (2d Cir.2006). Nevertheless, the "exclusion of evidence is

---

* The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

appropriate ... if record evidence established either (a) that an egregious violation that was fundamentally unfair had occurred, or (b) that the violation—regardless of its egregiousness or unfairness—undermined the reliability of the evidence in dispute." *Id.* at 235. The petitioner does not argue that the evidence in dispute is unreliable, and he has not established that any violation of his Fourth Amendment rights, assuming one occurred, was so egregious as to be fundamentally unfair. *Cf. id.* at 235 n. 2 (concluding for the purposes of appeal that the petitioner was subject to an unconstitutional seizure). A petitioner, like Poma–Quiem, who "offers nothing other than his own intuition to show that race played a part in the arresting agent's decision," fails to establish that a Fourth Amendment violation is egregious on that ground. *See id.* at 237. Exclusion of the challenged evidence is therefore unjustified, and the IJ's denial of the motions to suppress and terminate proceedings was proper.

 We lack jurisdiction to consider the petitioner's claim that "a single BIA member erred in deciding to resolve unilaterally an appeal of an IJ's order and not to refer the case to a three-member BIA panel." *Kambolli v. Gonzales,* 449 F.3d 454, 465 (2d Cir.2006). This portion of the petition is therefore dismissed.

For the foregoing reasons, the petition for review is **DENIED** in part and **DISMISSED** in part.